IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROB BINTER JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., a Minnesota registered corporation,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

# CLASS ACTION COMPLAINT

Plaintiff Rob Binter Jr. ("Plaintiff Binter" or "Binter") brings this Class Action Complaint and Demand for Jury Trial against Defendant United HealthCare Services, Inc. ("Defendant" or "UHC") to stop the Defendant from violating the Telephone Consumer Protection Act by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Binter, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rob Binter Jr. is a resident of Milwaukee, Wisconsin.

2. Defendant UHC is a Minnesota registered corporation headquartered in Minnetonka, Minnesota. Defendant UHC conducts business throughout this District and throughout the U.S. including Wisconsin.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant does business in this District and makes calls into this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in June 2023 alone, at a rate of 161.9 million per day. www.robocallindex.com (last visited July 30, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant UHC sells health insurance plans to consumers throughout the U.S.[3]

15. Defendant UHC provides house calls services for qualifying consumers in which a licensed health care practitioner will place a house call to determine the health status of a consumer.[4]

16. Defendant UHC places pre-recorded calls to offer its house calls services, often without the appropriate consent necessary to place such calls.

17. Consumers have captured and posted pre-recorded calls they received from UHC, from the same phone number that Defendant UHC used to place calls to Plaintiff Binter, including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.uhc.com/
[4] https://uhchousecalls.com/content/house-calls/en/UHCHouseCalls.html

4



---

[5] https://lookup.robokiller.com/p/414-516-1209

5

> **Typical Messages**
>
> 🎙 Hello, this is Jennifer with the house calls department and how they help you. Hello, this is Jennifer from the house closed apart bit from United Healthcare to tell you about the house calls plan please give us a call back at 1-866-686-2504 and for the hearing impaired, please use T T Y 711 call us Monday through Friday between the hours of 8:00, AM and 8:30 PM that is eastern standard time. It is important that we speak with you about this healthy benefit and thank you. Again have a great day. Thank you for participating in this survey will use your feedback to better serve you and others in the future. Please respond to the following question by using the keypad on your touch tone phone, followed by the pound key based on the customer service experience you just had what is the likelihood that you'd recommend this individual to a friend or colleague, please use a scale of 129. We're one means not likely at all and nine means extremely likely.
>
> 🎙 Hello, this. Hello. This is an important call from United health care offered through Georgia state health benefit plan. Please call us back at 866-219-2933 at your earliest convenience to discuss how you may be eligible for the terms of your plan for a rewards card for the hearing impaired, please use T T Y P a relay 711 call us Monday through Friday between the hours of 8:00, AM and 8:30 PM eastern time. It's important that we speak with you thank you.
>
> 🎙 Hello this important call from United Health Care part of your group Medicare advantage to inform you about the house calls program. Please call us back at 866-447-7868 for the hearing impaired please use TTY 711 call us Monday through Friday between the hours of 8:00 AM and 8:30 PM Eastern Standard Time. It is important that we speak with you. Thank you.

[URL bar: directory.youmail.com/phone/414-516-1209][6]

18. Defendant UHC has a history of placing calls to consumers who do not have insurance through UHC or consent to call them. Consumers have posted complaints online, including:

- "I keep getting calls for other people, I reply that it is the wrong number but I keep getting them. I believe it could be considered a HIPPA violation."[7] (This consumer did indicate that "there are calls from a computer" in response to another consumer.)[8]

---

[6] https://directory.youmail.com/phone/414-516-1209

[7] https://www.facebook.com/UnitedHealthcare/photos/a.1490777767803857/2918109655070654/?type=3

[8] Id.

- "the person looked for person that is not me 'wrong number'"[9]
- "I receive repeated calls from this number and have for the last 3 months. It is a service called Housecalls and as I havve since found out is a service to United Healthcare Members i do not have UHC, nor have I ever had it…"[10]
- "I let this go to my voicemail. Here's the crux of the message: 'This message is for... This is United Healthcare calling on behalf of you benefit provided to you at no additional cost through your benefits with the State of Alaska (I do live in Alaska). Please give us a call back at your earliest convenience on our toll-free number which is 855-318-7347 to learn more about the free program. We do look forward to speaking with you. Please give us a call when you have a moment. Thank you for your time. Have a great day. Bye.'
I do NOT have United Healthcare as my default insurance."[11]

19. In response to these calls, Plaintiff Binter brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF BINTER'S ALLEGATIONS

20. Plaintiff Binter is the sole owner and user of his cell phone number.

21. Plaintiff Binter has owned his cell phone number for over 25 years.

22. Plaintiff Binter does not have an insurance plan through UHC.

23. Plaintiff Binter received unsolicited calls from UHC in early 2023. One of the calls was answered and Plaintiff told a UHC employee that they were calling the wrong number.

---

[9] https://www.numberguru.com/phone/763/274/3899/
[10] https://800notes.com/Phone.aspx/1-443-492-5670/4
[11] https://www.shouldianswer.com/phone-number/8665177420

7

24. Despite previously informing UHC that it was calling the wrong phone number, Plaintiff Binter received a call from Defendant UHC to his cell phone number from 414-516-1209 on May 25, 2023 at 3:21 PM. The call was not answered, but a pre-recorded voicemail from UHC was left on his voicemail.

25. On June 26, 2023 at 5:58 PM, Plaintiff Binter received a 2nd unsolicited call from Defendant UHC to his cell phone number from 414-516-1209. The call was not answered, but a pre-recorded voicemail was left.

26. On July 6, 2023 at 2:37 PM, Plaintiff Binter received a 3rd unsolicited call from Defendant UHC to his cell phone number from 414-516-1209. The call was not answered, but a pre-recorded voicemail was left:

> "Hello, this… Hello, this is an important call from UnitedHealthcare. Please call us back at 1-866-686-2504 at your earliest convenience to discuss how you may be eligible for the terms of your plan for a reward. For the hearing impaired please use TTYPA Relay 711. Call us Monday through Friday between the hours of 8:00 AM and 8:30 PM Eastern Time, 5:00 AM and 5:30 PM Pacific Time. It is important that we speak with you. Thank you."[12]

27. The voicemail that Plaintiff Binter received on July 6 is identical to the voicemail he received on May 25, 2023 and June 26, 2023.

28. Plaintiff Binter believes these calls were pre-recorded because the 3 voicemails were identical, they all sound scripted and automated, and other consumers have reported similar pre-recorded calls from United Healthcare.

---

[12] Copy of the prerecorded voice message:
https://www.dropbox.com/s/9dsijvx5b9d57go/voicemail-843.m4a?dl=0

8

Case 2:23-cv-01063-LA   Filed 08/10/23   Page 8 of 13   Document 1

29. Plaintiff never provided consent for Defendant UHC to place pre-recorded calls to his cell phone number.

30. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Binter in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line and device, and disturbed the use and enjoyment of his phone.

31. Seeking redress for these injuries, Plaintiff Binter, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

32. Plaintiff Binter brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant (or a company calling on its behalf) called on their cellular telephone number (2) using an artificial or pre-recorded voice (3) without consent.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the

legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Binter anticipates the need to amend the Class definition following appropriate discovery.

34. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

- (a) whether Defendant or an agent on its behalf placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;
- (b) whether the calls constitute a violation of the TCPA;
- (c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff Binter will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent

and experienced in class actions. Plaintiff Binter has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Binter and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Binter nor his counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Binter. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CLAIM FOR RELIEF
## Telephone Consumer Protection Act
## (Violation of 47 U.S.C. § 227)
## (On Behalf of Plaintiff Binter and the Prerecorded No Consent Class)

38. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. Defendant or an agent working on its behalf transmitted unwanted telephone calls to Plaintiff Binter and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

40. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

41. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Binter requests a jury trial.

**ROB BINTER JR.**, individually and on behalf of all others similarly situated,

DATED this 10th day of August, 2023.

/s/ *Stefan Coleman*
Stefan Coleman
COLEMAN PLLC
66 West Flagler Sreet
Suite 900
Miami, FL 33130
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*