UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROB BINTER JR.,

    Plaintiff,

v.                                      Case No. 23-CV-01063

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant United HealthCare Services, Inc. ("United"), by its attorneys Laffey, Leitner & Goode LLC, as its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), hereby states as follows:

United acknowledges that Plaintiff, in his introductory paragraph, purports to file a lawsuit against United alleging violations of the Telephone Consumer Protection Act ("TCPA"). United denies the remaining allegations in the introduction of the Complaint.

## PARTIES

1.    United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2.    United admits that it is a Minnesota registered corporation headquartered in Minnetonka, Minnesota, and that it does business throughout this District and the United States, including Wisconsin.

## JURISDICTION AND VENUE

3.    The allegations in Paragraph 3 of the Complaint state legal conclusions relating to jurisdiction as to which no response is required. To the extent a response is deemed necessary,

United admits that the Court has federal question jurisdiction over TCPA claims. United does not admit that Plaintiff has stated a valid claim under the TCPA or has standing to bring his claims.

4. The allegations in Paragraph 4 of the Complaint state legal conclusions relating to jurisdiction to which no response is required. To the extent a response is deemed necessary, United admits that it conducts business in this District. United denies the remaining allegations in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint state legal conclusions relating to venue to which no response is required. To the extent a response is deemed necessary, United denies any wrongful conduct giving rise to this case and denies the remaining allegations in Paragraph 5 of the Complaint.

## INTRODUCTION

6. The allegations in Paragraph 6 of the Complaint purport to quote from or characterize *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020), which speaks for itself. Except as stated, United denies the allegations in Paragraph 6 of the Complaint and denies any implication that United violated the TCPA.

7. The allegations in Paragraph 7 of the Complaint purport to characterize 105 Stat. 2394, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 7 of the Complaint and denies any implication that United violated the TCPA.

8. The allegations in Paragraph 8 of the Complaint purport to characterize the 2003 Report and Order from the Federal Communications Commission, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 8 of the Complaint and denies any implication that United violated the TCPA or the referenced Report and Order.

9. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 9 of the Complaint and denies any implication that United violated the TCPA.

10. The allegations in Paragraph 10 of the Complaint purport to characterize content on a website, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 10 of the Complaint and denies any implication that United violated the TCPA.

11. The allegations in Paragraph 11 of the Complaint purport to characterize information on an FCC website, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 11 of the Complaint and denies any implication that United violated the TCPA.

12. The allegations in Paragraph 12 of the Complaint purport to quote from or characterize a statement on an FCC blog, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 12 of the Complaint and denies any implication that United violated the TCPA.

13. The allegations in Paragraph 13 of the Complaint purport to quote from or characterize a Notice of Proposed Rulemaking, which speaks for itself. Except as stated, United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 13 of the Complaint and denies any implication that United violated the TCPA.

## COMMON ALLEGATIONS

14. United admits that it sells health insurance plans to consumers throughout the U.S. by and through its affiliates and subsidiaries. With respect to the citation to United's website, United states that the website speaks for itself and denies any allegations inconsistent therewith.

15. The allegations in Paragraph 15 of the Complaint purport to characterize information on a website, which speaks for itself. United admits that the HouseCalls program provides certain health plan members with annual, in-home wellness check-ups conducted by licensed health care practitioners, at no additional cost. Except as stated, United denies the remaining allegations in Paragraph 15.

16. United denies the allegations in Paragraph 16 of the Complaint.

17. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. United denies the allegations in the first sentence in Paragraph 18 of the Complaint. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the second sentence and in the bulleted quotations in Paragraph 18 of the Complaint, and therefore denies the same.

19. United admits that Plaintiff purports to file a lawsuit against United, alleging violations of the TCPA. United denies the remaining allegations in Paragraph 19 of the Complaint. United specifically denies that this action may or should be maintained or properly prosecuted as a class action, and United denies any liability whatsoever to Plaintiff and the putative class members.

## PLAINTIFF BINTER'S ALLEGATIONS

20. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegation in Paragraph 22 of the Complaint, and therefore denies the same.

23. United denies the allegations in Paragraph 23 of the Complaint.

24. United denies the allegations in Paragraph 24 of the Complaint as stated. United asserts that it placed a call to a number ending in -8787 on May 25, 2023. Except as stated, United denies the remaining allegations in Paragraph 24 of the Complaint.

25. United denies the allegations in Paragraph 25 of the Complaint as stated. United asserts that it placed a call to a number ending in -8787 on June 26, 2023. Except as stated, United denies the remaining allegations in Paragraph 25 of the Complaint.

26. United denies the allegations in Paragraph 26 of the Complaint as stated. United asserts that it placed a call to a number ending in -8787 on July 6, 2023. Except as stated, United denies the remaining allegations in Paragraph 26 of the Complaint.

27. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies the same.

28. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29. United lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30. United denies the allegations in Paragraph 30 of the Complaint.

31. United admits that Plaintiff purports to file a class action lawsuit against United alleging violations of the TCPA. United denies the remaining allegations in Paragraph 31 of the Complaint. United specifically denies that this action may or should be maintained or properly prosecuted as a class action, and United denies any liability whatsoever to Plaintiff and the putative class members.

**CLASS ALLEGATIONS**

32. United admits that Plaintiff purports to seek to represent a Class of individuals but denies that the Class should be certified.

33. United admits that Plaintiff purports to seek to represent a Class of individuals but denies that the Class should be certified.

34. The allegations in Paragraph 34 of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

35. The allegations in Paragraph 35 and paragraphs (a) through (c) of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

36. The allegations in Paragraph 36 of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

37. The allegations in Paragraph 37 of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Binter and the Prerecorded No Consent Class)

38. United repeats its answers and allegations to the prior paragraphs of this Complaint and incorporates them by reference therein.

39. United denies the allegations in Paragraph 39 of the Complaint.

40. United denies the allegations in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 of the Complaint state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## PRAYER FOR RELIEF

United denies that Plaintiff is entitled to the relief requested in the Complaint. To the extent that United has not specifically admitted any allegation herein, it is denied.

## SEPARATE AFFIRMATIVE AND OTHER DEFENSES
### (To Entire Complaint and Each Claim Alleged Therein)

In further response to Plaintiff's Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, United asserts the following additional affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against United.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

United is not liable to the extent that United had prior express consent or prior express written consent, as needed, to place telephone calls.

### THIRD AFFIRMATIVE DEFENSE
### (Prerecorded Voice)

United is not liable to Plaintiff or members of any purported class to the extent that a prerecorded voice was not used to place any calls to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### (No Duplicative Relief)

To the extent any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting United to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE
### (Personal Jurisdiction)

The Complaint and claims alleged therein are barred to the extent the Court lacks personal jurisdiction over members of the putative class who are not residents of Wisconsin.

### SIXTH AFFIRMATIVE DEFENSE
### (Article III Standing)

Plaintiff and members of the putative class have suffered no injury, or only a *de minimis* injury, and do not have standing to assert claims against United.

## SEVENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

United is not liable to Plaintiff because United acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws including, but not limited to, the safe harbor provision of 47 CFR 64.1200(c)(2)(i).

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiff's TCPA claims are barred to the extent that United had a good-faith basis to believe that it had consent to contact a number ending in -8787.

## NINTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

Upon information and belief, to the extent the alleged calls were made by others, United is not vicariously liable for their conduct. Any purported damages to Plaintiff or the purported class members, which United continues to deny, would be the result of the acts or omissions of persons or entities over whom United have neither control nor responsibility.

## TENTH AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than United, including other parties in this case and/or third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence, and/or comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

If any liability exists on the part of United to Plaintiff, such liability should be equitably and/or contractually indemnified by other parties in this case and/or third parties because the injuries and damages, if any, sustained by Plaintiff were a direct and proximate result of the acts of parties and/or third parties.

## TWELFTH AFFIRMATIVE DEFENSE
### (Settlement Credits)

In the event a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, United is entitled to any settlement credits permitted by law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Upon information and belief, Plaintiff and members of the putative class have waived any right to recover herein, in whole or in part, and/or are barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

If Plaintiff or members of the putative class recover any damages, such award must be reduced by all damages attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Putative Class Members)

United may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. United reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Violations)

Any actions taken by United which allegedly were made in violation of the TCPA, were neither knowing nor willful.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Class Allegations)

Plaintiff's claims on behalf of the putative class, the existence of which United expressly denies, are barred by Plaintiff's failure to meet the requirements of Federal Rule of Civil Procedure 23.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Emergency Purpose Exception)

Plaintiff's TCPA claims are barred to the extent the calls were "made for emergency purposes" pursuant to 47 C.F.R. § 64.1200(a)(1).

### NINETEENTH AFFIRMATIVE DEFENSE
### (Healthcare Exceptions)

Plaintiff's TCPA claims are barred to the extent the calls delivered a "health care" message pursuant to 47 C.F.R. § 64.1200(a)(2) or had a "healthcare treatment purpose" pursuant to the Federal Communications Commission's June 18, 2015 declaratory ruling and order, FCC 15-72.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Additional Defense Reservation)

United reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE,** having fully answered the allegations of Plaintiff's Complaint and denying that Plaintiff is entitled to any relief whatsoever, United respectfully requests that the Court (i) dismiss Plaintiff's Complaint in its entirety with prejudice; (ii) award to United costs and reasonable attorneys' fees, with interest, associated with the defense of this action; and (iii) grant United such other relief as the Court deems just and proper.

Dated this 10th day of October, 2023.

*s/ Joseph S. Goode*
Joseph S. Goode
Benjamin W. Kuhlmann
Laffey, Leitner & Goode LLC
325 E. Chicago Street, Suite 200
Milwaukee, WI 53202
P: (414) 312-7003
F: (414) 755-7089
JGoode@llgmke.com
BKuhlmann@llgmke.com

*Attorneys for Defendant*