UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROB BINTER JR., *Plaintiff*, v. UNITED HEALTHCARE SERVICES, INC., *Defendant*. | Case No. 23-cv-1063-LA<br><br>Judge Lynn Adelman<br><br>**CLASS ACTION** |

## JOINT RULE 26 REPORT AND DISCOVERY PLAN

The Federal Rule of Civil Procedure 16(b) scheduling conference will be held on November 20, 2023 at 9:30 a.m. Plaintiff Rob Binter Jr. ("Plaintiff") and Defendant United HealthCare Services, Inc. ("Defendant") submit the following Rule 26 report pursuant to Federal Rule of Civil Procedure 26 and Civil Local Rule 16:

A. **The nature of the case**: This is a putative class action in which Plaintiff alleges Defendant violated the Telephone Consumer Protection Act by making prerecorded voice calls to Plaintiff and others without consent.

B. **Any contemplated motions**: Plaintiff intends to move for class certification at the appropriate time and may move for summary judgment. Defendant will oppose class certification and will likely move for summary judgment.

**C. The parties' discovery plan, including the amount of discovery each party contemplates, the approximate time for completion of discovery, and any disputes regarding discovery**:

1. **Completion of Discovery and Phasing of Discovery**

    a. The parties propose that all discovery on the subjects identified below, and any subjects that the parties later identify, be completed by February 28, 2025.

2. **Subjects of Discovery**:

    a. *Plaintiff*: Plaintiff anticipates serving an initial round of written discovery directed primarily towards Defendant's defenses to Plaintiff's claims and identifying all parties involved in the making of calls by or on behalf of Defendant, including information relating to the content, creation, and instructions to make the calls, as well as information sufficient to identify the recipients of those calls. This written discovery will seek information maintained by Defendant or by any agent of Defendant. Plaintiff will also seek related information from any third-party marketers or others involved in the making of the calls. Plaintiff then intends to depose Defendant relating to its defenses, prerecorded voice call

2

practices, and the calls at issue, and serve additional written discovery as necessary. Finally, Plaintiff intend to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff and the Class's claims.

b. *Defendant*: Defendant anticipates serving written discovery on Plaintiff and third parties concerning Plaintiff's allegations in the Complaint. Defendant further anticipates deposing Plaintiff and other individuals regarding the telephone calls at issue and consent provided thereto. Defendant also intends to obtain written discovery regarding, and the depositions of, any experts retained by Plaintiff in connection with Plaintiff's and the putative class's claims.

3. **Disclosure, Discovery, or Preservation of Electronically Stored Information**: The parties anticipate the need for electronic discovery and will confer to try to reach agreement regarding an ESI Protocol. If the parties are unable to reach agreement, the parties shall submit a joint motion for ESI Protocol to highlight any unresolved issues.

4. **Claims of Privilege or of Protection as Trial Preparation Materials**: The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production but will continue to discuss this issue as discovery proceeds.

5. **Limitations of Discovery**: The parties do not believe, at this time, that any changes should be made in the limitations on discovery imposed under the Federal Rules or Local Rules. The parties reserve the right to request changes to discovery limitations pursuant to Federal Rule of Civil Procedure 26(b)(1).

6. **Other Rule 16(b), 16(c), or 26(c) Orders**: There are no other orders that the Court should currently issue under Rules 16(b), 16(c) or 26(c).

D. **Whether the parties anticipate the disclosure or discovery of electronically stored information**: The parties anticipate discovery of electronically stored information and will confer to try to reach agreement regarding an ESI Protocol. If the parties are unable to reach agreement, the parties shall submit a joint motion for ESI Protocol to highlight any

4

unresolved issues. The parties reserve the right to request changes to discovery limitations pursuant to Federal Rule of Civil Procedure 26(b)(1).

E. **Whether the parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material, and whether the parties request the judge to enter an order including the agreement**: The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production but will continue to discuss this issue as discovery proceeds.

F. **Whether settlement discussions have occurred**: The parties will engage in future good faith discussions at the appropriate time. Plaintiff anticipates requiring call logs for the class in order to appropriately evaluate the action prior to meaningful settlement discussions.

G. **The basis for the Court's subject matter jurisdiction**: This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

H. **Whether this case is exempt from initial disclosures and discovery conference requirements**: This case is not exempt from initial disclosures and discovery conference.

I. **Such other matters as may affect further scheduling of the case for final disposition**: The parties agree to electronic service of all documents not required to be filed with the court electronically, provided they are sent to all attorneys of record in the lawsuit.

J. **Proposed Deadlines**: The parties propose the following schedule for the Court's consideration.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial Disclosures | November 16, 2023 |
| Joinder of any additional parties and filing of motion to amend the complaint | December 29, 2023 |
| Fact discovery shall be completed by | July 19, 2024 |
| Plaintiff's Motion for Class Certification with any Expert Reports in Support Thereof | July 26, 2024 |
| Defendant's Response/Opposition to Plaintiff's Motion for Class Certification filed with any Rebuttal Expert Reports in Support Thereof | September 13, 2024 |
| Plaintiff's Reply in Further Support of Class Certification filed with any Expert Reports in Support Thereof | October 4, 2024 |

6

Case 2:23-cv-01063-LA   Filed 11/13/23   Page 6 of 9   Document 20

| EVENT | PROPOSED DEADLINE |
|---|---|
| The parties shall disclose initial experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | January 10, 2025 |
| The parties shall disclose rebuttal experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | February 7, 2025 |
| Expert discovery shall be completed by | February 28, 2025 |
| Dispositive motions, including summary judgment, shall be filed by | March 21, 2025 |
| Joint pretrial stipulation and pretrial motions | June 13, 2025 |

DATED this 13th day of November, 2023.

By: */s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
Coleman PLLC
66 West Flagler Street, Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Class*

Respectfully submitted,

By: */s/ Carolyn A. DeLone*
Adam K. Levin
Carolyn A. DeLone
Katherine I. Culora
adam.levin@hoganlovells.com
carrie.delone@hoganlovells.com
katherine.culora@hoganlovells.com
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Joseph S. Goode
Benjamin W. Kuhlmann
JGoode@llgmke.com
BKuhlmann@llgmke.com
LAFFEY, LEITNER & GOODE LLC

7

325 E. Chicago Street, Suite 200
Milwaukee, WI 53202
Telephone: (414) 312-7003
Facsimile: (414) 755-7089

*Attorneys for Defendant United HealthCare Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing pleading via the Court's electronic filing system, pursuant to the Electronic Filing Procedures, on the attorneys of record.

This the 13th day of November, 2023.

*/s/ Avi R. Kaufman*
Avi R. Kaufman